IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

TINA A. THIBODEAUX,              )
                                )
            Plaintiff,          )
                                )
vs.                             )      Case No. 16-3088-CV-S-ODS
                                )
NANCY A. BERRYHILL,[1]          )
Acting Commissioner of Social Security, )
                                )
            Defendant.          )

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying her application for disability insurance benefits and supplemental
security income.  The Commissioner's decision is affirmed.


## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but…enough that a reasonable mind
would find it adequate to support the conclusion."  *Andrews v. Colvin*, 791 F.3d 923, 928
(8th Cir. 2015) (citations omitted).  "As long as substantial evidence in the record
supports the Commissioner's decision, we may not reverse it because substantial
evidence exists in the record that would have supported a contrary outcome, or
because we would have decided the case differently."  *Cline v. Colvin*, 771 F.3d 1098,
1102 (8th Cir. 2014) (citation omitted).  Though advantageous to the Commissioner, this
standard also requires the Court consider evidence that fairly detracts from the final
decision.  *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted).
Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

<hr>

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for
former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1959, and completed the eleventh grade in high school. R. at 24, 37, 303, 305, 327. Plaintiff previously worked as a certified nurse's aide, and a supervisor for a residential facility. R. at 39-43. In 2013, Plaintiff applied for disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of December 30, 2012. R. at 13, 303-10. Plaintiff's applications were denied, and she requested a hearing. R. at 249-53, 256-57. A hearing was held before an administrative law judge ("ALJ") in July 2014. R. at 31-72. On November 5, 2014, the ALJ issued her decision, finding Plaintiff was not disabled. R. at 13-25. Plaintiff appealed the decision to the Appeals Council, which denied her appeal. R. at 1-3.

In reaching her decision, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the spine, osteoarthritis of the knees with degenerative changes in the left knee, obesity, and depression. R. at 15. The ALJ determined Plaintiff had the following residual functional capacity ("RFC"):

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can occasionally stoop, kneel, crouch, and crawl. She can frequently balance, handle, and finger. She must avoid concentrated exposure to cold, vibrations, and hazards. The claimant requires a sit/stand option hourly for a positional change not to exceed two minutes. The claimant is limited to simple routine work and simple instructions.

R. at 17. Based upon the RFC and the Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a laundry worker or cleaner. R. at 23-24. Plaintiff now appeals the ALJ's decision to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ failed to afford adequate weight to Plaintiff's treating physician's opinion, and (2) the ALJ failed to support the RFC with substantial evidence in the absence of the treating physician's opinion.

## A. Treating Physician's Opinion

Plaintiff claims the ALJ erred in affording little weight to the opinion of her treating physician, Saima Jabeen, M.D. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In April 2014, Dr. Jabeen executed a Medical Source Statement ("MSS"). R. at 571-72. Dr. Jabeen opined Plaintiff can frequently lift and carry less than ten pounds; stand and/or walk continuously for less than fifteen minutes with a walker; stand and/or walk less than one hour total during an eight-hour workday; sit continuously for fifteen minutes at a time; sit less than one hour total during an eight-hour workday; is limited in her ability to push and/or pull; should never climb, stoop, or crawl; can only occasionally balance, kneel, crouch, reach, handle, finger, feel, see, speak, and hear; must avoid any exposure to extreme cold and heights; must avoid moderate exposure to extreme heat, weather, wetness/humidity, dust/fumes, vibration, and hazards; would need to lie down or recline every one to two hours; and has difficulty concentrating. *Id*. Plaintiff argues Dr. Jabeen's opinion should have been afforded controlling weight, and the ALJ's decision to discount Dr. Jabeen's opinion is not supported by substantial evidence.

The ALJ assigned "limited weight" to Dr. Jabeen's opinion. The ALJ stated "some of the limitations described by Dr. Jabeen, such as limitations on the claimant's ability to kneel and crouch, are supported by the records," but "overall, the limitations described [by Dr. Jabeen] are inconsistent with other medical evidence of record, including diagnostic imaging studies and Dr. Jabeen's own treatment notes." R. at 21. The ALJ also discounted Dr. Jabeen's opinion on the MSS because Dr. Jabeen did not provide an explanation of the extreme limitations described therein. R. at 21-22.

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount Dr. Jabeen's opinion. The Court also finds the ALJ provided good

reasons explaining the weight she afforded Dr. Jabeen's opinion. Specifically, Dr. Jabeen's opinion that Plaintiff suffered disabling limitations is not supported by the treatment notes from the four occasions Dr. Jabeen met with Plaintiff. R. at 594-607. By way of example, in Dr. Jabeen's treatment notes, there is no mention of Plaintiff's inability to sit or stand for more than fifteen minutes; there is no indication Plaintiff was limited in her ability to see, speak or hear; and there is no suggestion that Plaintiff must lie down or recline every one to two hours. The Court finds the ALJ properly afforded Dr. Jabeen's opinion little weight, and the Court affirms the ALJ's decision in this respect.

### B. Plaintiff's RFC

One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Plaintiff contends the ALJ did not have sufficient evidence addressing Plaintiff's functional capabilities to determine her RFC once the ALJ dismissed Dr. Jabeen's opinion.

In determining Plaintiff's RFC, the ALJ considered, among other things, all of Plaintiff's symptoms that were consistent with the objective medical evidence, Plaintiff's daily living activities, an investigative report from the Cooperative Disability Investigations Unit, the inconsistencies between Plaintiff's subjective complaints and the objective medical evidence, the results from a consultative examination (and Plaintiff's lack of cooperation during the consultative examination), psychological examination of Plaintiff, opinions from medical providers, and medical records. R. at 17-23. Tellingly, the investigative report revealed Plaintiff ambulated normally without using any assistive devices on multiple occasions, and when she did use her walker, she did not put any weight on it, and she was able to walk at a normal pace and stride while using the walker. R. at 18-19, 399-402. Plaintiff was also observed getting into a van without assistance, walking a dog, and rising from a seated position without exhibiting any pain mannerisms. *Id.* These observations were recorded on video. R. at 402.

Here, the ALJ properly utilized the evidence in the record to support her determination of Plaintiff's RFC.  Even without Dr. Jabeen's opinion, the ALJ had sufficient evidence in the record to determine Plaintiff's RFC, and the ALJ cited the portions of the record she considered in reaching that determination.  The Court finds substantial evidence in the record supports the ALJ's RFC determination.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision.  The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  May 12, 2017          UNITED STATES DISTRICT COURT